## PAIGE v. SMITH.

*(Circuit Court, D. Minnesota.  January 20, 1881.)*

1. SHERIFF'S CERTIFICATE—REDEMPTION FROM MORTGAGE FORECLOSURE —WHEN NOT CONCLUSIVE—STATUTES OF MINNESOTA.—A sheriff's certificate of redemption from a mortgage foreclosure sale is not so far conclusive under the statutes of Minnesota as to prevent the redemptioner from showing that he paid the full amount of the redemption money within the time fixed by the statute for the making of a valid redemption.—[ED.

*Gilman & Clough*, for plaintiff.

*Benton & Benton* and *Lochren, McNair & Gilfillan*, for defendant.

NELSON, D. J.   This is an action of ejectment, tried without a jury. 'The defendant has paid the costs of the first trial, which resulted in a judgment against him, and the case is tried again as is allowed in such case by the statute of Minnesota. The plaintiff claims title as grantee of "Marcy," who held a mortgage given by Cummins & Rouse on the undivided three-fourths of the land in dispute. This mortgage was foreclosed and the property sold October 30, 1875, and purchased by "Marcy," the mortgagee, to whom a certificate was given by the sheriff, which was assigned March 8, 1876, to the plaintiff and L. L. Hubert, copartners.

The defendant claims through numerous conveyances and assignments from Cummins, the co-tenant of Rouse and his

successors in interest, by virtue of an alleged redemption from the foreclosure sale under the "Marcy" mortgage, and also through conveyances and assignments under a sale of the property to satisfy mechanics' liens. If Cummins redeemed from the sale under the "Marcy" mortgage in time, the defendant is entitled to judgment. On the first trial the evidence showed that Cummins, before the time for redemption expired, tendered to the sheriff a portion only of the bid made by the purchaser, and received a certificate of redemption of a certain part of the property, and, on the day after the time for redemption expired, he received a certificate of redemption for the remaining portion of the property sold on payment of the balance of the bid.

The decision on the first trial upon this state of facts was controlled by the following propositions:

*First.* The redemption must be made by payment of the sum for which the property was sold. The whole debt must be paid, and the redemptioner then stands in the place of the party whose interest in the property he discharges.

*Second.* A co-tenant of an equity of redemption has no right to compel the mortgagee, or a purchaser of the property at the sale, whose rights are the same as the mortgagee, to release such part of the mortgage title as is proportionate to his share in the equity of redemption on being paid a corresponding part of the mortgage debt. The mortgagee is not obliged to accept payment of anything less than the whole debt, nor is the purchaser at the foreclosure sale obliged to accept less than the whole of the purchase money and become a co-tenant in the property with a redemptioner.

On the second trial the defendant proved that the whole amount of the bid at the foreclosure sale was paid the sheriff previous to the day when the time for redemption expired, and that a certificate of redemption covering the whole property was executed and delivered by the sheriff to Cummins, and that there was a single payment for the entire redemption at that time. This certificate, the evidence shows, was subsequently retured to the sheriff, and other certificates of different dates, covering distinct portions of the mortgaged prop-

erty, were given, on account of the difficulties in the mind of the agent who acted in behalf of Cummins. This person was only anxious to make a legal and sufficient redemption, but was perplexed as to the proper form of making the certificates, and in doubt whether, Cummins being a lienholder by virtue of a mortgage taken by him on the sale of the property subsequent to the date of his mortgage to "Marcy," there should not be separate certificates. The fact is proved, however, that the sheriff received the whole amount of the purchaser's bid for redemption within the time provided by the statute, and by this payment Cummins made a valid redemption. It is urged by the plaintiff's counsel that this evidence contradicts the sheriff's certificates and is inadmissible.

I cannot agree to the proposition that these certificates are conclusive upon the party who made the redemption. The question to be determined is, did Cummins pay for the purpose of redeeming from the "Marcy" foreclosure sale the full amount necessary, and within the time fixed by the statute to make a valid redemption? I think the evidence proves he did pay the whole amount of the bid two days before the year expired, and complied with the statute, which entitled him to the property released from any claim of the purchaser.

The statute giving the redemption should be liberally construed, and when the money is paid in good faith the person redeeming should be protected, although the sheriff's certificate may recite a different state of facts.

Judgment will be entered in favor of the defendant, and it is so ordered.